Daniel H. RAESS, M.D., Appellant–
Defendant,

v.

Joseph E. DOESCHER,
Appellee–Plaintiff.

No. 49A02–0506–CV–490.

Court of Appeals of Indiana.

Nov. 30, 2006.

*ORDER*

Appellee has filed a Notice of Additional Authority. Appellant has filed a Motion to Strike Appellee's Notice of Additional Authority and Request for Sanctions. Appellee has filed a response to Appellant's Motion to Strike and Request for Sanctions.

An oral argument was held for this appeal on July 27, 2006. Thereafter, Appellee filed the instant Notice of Additional Authority.

Pursuant to Ind. Appellate Rule 48, a party may file with the Clerk of the Court a notice that includes additional citations to significant authority when said authority comes to the attention of the party after oral argument but before a decision has been rendered. The notice filed with the Clerk of the Court shall include a reference to the page of the brief to which the citations pertain, with a parenthetical or a single sentence explaining the authority. *See* App. R. 48.

Appellee's Notice of Additional Authority is nothing more than a surrebuttal to the arguments raised in the July 27th oral argument. Appellee has cited no new case law in his notice. Instead, Appellee provides citations to the transcript, to the appendix, and to cases that were issued by this Court and our Supreme Court between 1902 and 2005. All of the additional case law cited by Appellee in his notice could have been cited in Appellee's corrected brief. Additionally, Appellee's notice fails to include references to the pages of the brief to which the citations pertain.

Having examined the pleadings and being duly advised, the Court now FINDS AND ORDERS AS FOLLOWS:

(1) App. R. 48 is a vehicle for providing the Court with additional citations to significant authority when said authority comes to the attention of the party after the party's brief has been filed or after oral argument is held but before a decision has been rendered.

(2) App. R. 48 is not to be used as a surrebuttal to oral argument or to provide the Court with citations to case law that could have been or should have been set forth in a party's brief.

(3) Appellee's Notice of Additional Authority fails to comply with App. R. 48.

(4) Accordingly, Appellant's Motion to Strike Appellee's Notice of Additional Authority is GRANTED.

(5) Appellee's Request for Sanctions is DENIED.

(6) This Order is ORDERED PUBLISHED.

All panel members concur.